IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**HARRY WILLIAM LOTT,**

      **Plaintiff,**

  v.                          **Case No. 2:13-cv-1165**
                                **Judge Economus**
                                **Magistrate Judge King**

**U.S. COURT OF APPEALS FOR THE**
**SIXTH CIRCUIT,** *et al.***,**

      **Defendants.**

### ORDER and REPORT AND RECOMMENDATION

Plaintiff's motion for leave to proceed *in forma pauperis*, Doc. No. 3, is **GRANTED**. However, having performed the initial screen of the *Complaint* required by 28 U.S.C. § 1915(e), the Court **RECOMMENDS** that the action be dismissed for lack of jurisdiction and for failure to state a claim upon which relief can be granted.

This is yet another case initiated by plaintiff because he is dissatisfied with the Court's disposition of his cases. *See Lott v. US Court of Appeals for the Sixth Circuit*, 2:13-cv-859 (S.D. Ohio October 8, 2013); *Lott v. The District Court of Southern District of Ohio*, 2:13-cv-562 (S.D. Ohio October 8, 2013). In this case, plaintiff complains that he has been denied hearings in all of his cases filed in this Court. Plaintiff names as defendants the United States Court of Appeals for the Sixth Circuit and the United States District Court for the Southern District of Ohio. Plaintiff seeks $250,000,000.00 in damages. *Complaint*, Doc. No. 1.

The *Complaint* does not state the ground for the Court's jurisdiction, as required by Fed. R. Civ. P. 8(a)(1). This Court concludes that it lacks jurisdiction over the claims asserted by plaintiff against the defendant courts, which are agencies of the United States. Sovereign immunity protects the United States and its agencies from being sued without their consent. *FDIC v. Meyer*, 510 U.S. 471, 475 (1994). Sovereign immunity is jurisdictional in nature. *Id*. Indeed, the "terms of [the United States'] consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Sherwood*, 312 U.S. 584, 586 (1941).  A waiver of sovereign immunity must be explicit. *Lane v. Pena*, 518 U.S. 187, 192 (1996).  There has been no waiver of the sovereign immunity enjoyed by the defendants in this case.  It follows, then, that the Court lacks jurisdiction to entertain the claims asserted by plaintiff.

Moreover, the *Complaint* fails to state a claim upon which relief can be granted. Plaintiff seeks an award of monetary damages in connection with the alleged failure of federal courts to hold a hearing in his cases.  Plaintiff's proper remedy is to pursue the appellate process, even to the United States Supreme Court. *See* 28 U.S.C. § 1254.  Plaintiff cannot properly pursue separate litigation in an effort to circumvent that process.

It is therefore **RECOMMENDED** that this action be dismiss for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted.

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file

and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Response to objections must be filed within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b).

    The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation.* *See Thomas v. Arn*, 474 U.S. 140 (1985); *Smith v. Detroit Fed'n of Teachers, Local 231 etc.*, 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

                                                s/   Norah McCann King\_\_\_
                                                Norah McCann King
                                                United States Magistrate Judge

November 27, 2013